UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORAZZI HAYSLETT, *an individual*,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, *a municipal corporation*; DANIEL MCLAUGHLIN, *an individual*; *and* DOES 1-50, *inclusive*,<br><br>Defendant. | Civil No. 13-CV-1605-W (BGS)<br><br>**ORDER FOLLOWING *IN CAMERA* REVIEW GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>**[ECF No. 17.]** |

**I.   INTRODUCTION**

On March 4, 2014, Plaintiff Torazzi Hayslett filed a motion for determination of discovery dispute regarding her request for production of peace officer personnel records and internal affairs records. (ECF. No. 17.) On March 14, 2014, Defendants filed an opposition to Plaintiff's motion in which they object to the production of this material on the grounds it is overbroad, irrelevant and privileged under federal law. (ECF No. 18.)

**II.  DISPUTE BACKGROUND**

Plaintiff brought this civil rights action against Defendants alleging causes of action for excessive force, battery, negligence, failure to train (*Monell* liability), false arrest and intentional infliction of emotional distress. (ECF No. 1 at 2-12.) Specifically, Plaintiff contends she was subjected to excessive force at the hands of Officer Daniel McLaughlin and falsely arrested for

1  approaching firefighters who were working to put out a fire which had engulfed her house.  (*Id.*
2  at 4-5.)  Plaintiff's motion for determination of discovery dispute concerns various requests for
3  the production of documents that fall into two categories: (1) Complaints/ Investigations
4  regarding Officer Daniel McLaughlin (RFP Nos. 2, 9-13); and (2) Personnel Records
5  (Performance Evaluations/Training Documents) regarding Officer Daniel McLaughlin (RFP
6  Nos. 3-8).  (*See* ECF No. 17 at 3.)

7  In response[1] to these requests, Defendants assert: a.) the records sought are irrelevant and
8  cannot lead to admissible evidence; b.) the requests are overbroad and impermissible in scope;
9  and c.) the material is subject to the official information[2]/executive privilege[3].  (ECF. No. 18 at
10 3-6.)  Defendants have submitted a declarations from an agency official asserting the executive
11 and official information privilege as required by *Hampton v. City of San Diego*, 147 F.R.D. 227
12 (S.D. Cal. 1993) as well as a privilege log.  (Doc. No. 18-4.)  Defendants have also lodged the
13 disputed documents at issue for *in camera* review.

14 **III.   STANDARD OF REVIEW**
15 **A.  RELEVANCE**

16 Defendants have objected to Plaintiff's requests for Internal Affairs (IA) files;
17 Performance Reports and Transfers/Promotions on the grounds that the requests seek irrelevant
18 information and are overbroad.  Under the Federal Rules of Civil Procedure, "[p]arties may
19 obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

---

[1] To the extent Defendants have objected on other grounds to these requests, the Court will not address those not briefed by Defendants in the opposition brief and only asserted through blanket objections. Defendants have waived these objections by failing to provide reasons for the objections as required under Fed. R. Civ. Proc. 34(b)(2)(B).

[2] The "official information" privilege is also referred to as the "law enforcement" privilege and "government" privilege, and falls into the broad category of "executive" privileges. *See Torres v. Kuzniasz,* 936 F. Supp. 1201, 1209 (D.N.J. 2006)*; Gearhart v. Solano County*, No. 2:07-CV-1444-LKK/GGH, 2008 WL 2560703, at *4 (E.D. Cal. June 24, 2008); *Al-Kidd v. Gonzales*, No. CV 05-093-EJL-MHW, 2007 WL 4391029, at *4 (D. Idaho Dec. 10, 2007 ).

[3] The common law executive privilege shares roots with law enforcement's need to protect its records, in that there is a "need to minimize disclosure of documents whose revelation might impair the necessary functioning of a department of the executive branch." *Id.* When applied to law enforcement, *this privilege is sometimes called the "government privilege," "official information privilege*," or "law enforcement privilege," but still shares terminology and principles with the executive privilege. *Torres v. Kuzniasz,* 936 F. Supp. 1201, 1209 (D.N.J. 2006)(emphasis added).

defense." *See* Fed.R.Civ.P. 26(b)(1). Furthermore, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*   A relevant matter is "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

**B.  Official Information / Executive Privilege**

Defendants also assert the disputed documents are privileged under the "official information" privilege. Federal common law recognizes a qualified privilege for official information. *Kerr v. U.S. Dist. Ct. for the Northern Dist.*, 511 F.2d 192, 198 (9th Cir.1975).  The official information privilege is also variously known as "the Government Privilege," "law enforcement privilege," and "executive privilege.  *See Deocampo v. City of Vallejo*, 2007 WL 1589541 (E.D. Cal. 2007) at *4 (citing references for each variant).  In determining what level of protection should be afforded by this privilege, courts conduct a case-by-case balancing analysis, in which the interests of the party seeking discovery are weighed against the interests of the governmental entity asserting the privilege. *Kelly v. City of San Jose*, 114 F.R.D. 653, 660 (N.D. Cal. 1987); *Miller*, 141 F.R.D. 292, 300 (C.D. Cal. 1992); *Hampton*, 147 F.R.D. at 230-31. In the context of civil rights suits against police departments, this balancing approach should be "moderately pre-weighted in favor of disclosure." *Kelly*, 114 F.R.D. at 661.

However, the party invoking the privilege must at the outset make a "substantial threshold showing" by way of a declaration or affidavit from a responsible official with personal knowledge of the matters to be attested to in the affidavit. *Soto*, 162 F.R.D. at 613 (*citing Kelly*, 114 F.R.D. at 669); *see also Hampton*, 147 F.R.D. at 230.

> The affidavit or declaration from the agency official must include: (1) an affirmation that the agency generated or collected the material in issue and has in fact maintained its confidentiality . . . , (2) a statement that the official has personally reviewed the material in question, (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer, (4) a description of how disclosure subject

1 to a carefully crafted protective order would create a substantial risk of harm to
2 significant governmental or privacy interests, (5) and a projection of how much
3 harm would be done to the threatened interests if the disclosure were made.
4 *Id.* at 230-31 (citing *Kelly*, 114 F.R.D. at 670).

5 If the party invoking the privilege fails to satisfy this threshold burden the documents in
6 issue should be disclosed. *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995). If the
7 threshold showing requirements are met, the court must weigh whether confidentiality outweighs
8 the requesting party's need for the information. *Hampton*, 147 F.R.D. at 231; *see also Kelly*, 114
9 F.R.D. at 657-58. The factors courts consider in conducting a case by case balancing analysis
10 include how the requested information is relevant to the litigation or is reasonable calculated to
11 lead to the discovery of admissible evidence, the interests of plaintiff's that would be harmed if
12 the material is not disclosed, how the harm to plaintiff would occur and how extensive it would
13 be, why it would be impossible or impracticable to acquire information of equivalent value
14 through alternative means, the governmental or privacy interests threatened by disclosure of the
15 material to plaintiff and/or his lawyer, and how disclosure under a tightly drafted protective
16 order would create a substantial risk of harm to significant governmental or privacy interests.
17 *See Hampton*, 147 F.R.D. at 231.

18 The Court finds, in reviewing the agency official's declaration, that Defendants have met
19 the threshold requirements. (*See* ECF No. 18-4; Declaration of David Ramirez.) Therefore, the
20 Court will weigh Plaintiff's need for the information against Defendants' interest in
21 confidentiality of any requested, relevant information in the Discussion section below.

22 **IV.    DISCUSSION**

23 The specific documents in dispute are: IA File Nos. 113 and 129; Performance Report
24 Nos. 4, 78, 84, 88, 97, 99, 101, 104, 107-109, 112, 115, 123, and 128; and Transfer/Promotion
25 Nos. 95, 106, 111, 116, 118, 121, and 122.

26 **A.  IA File Nos. 113 and 129 in response to Plaintiff's RFP Nos. 9-13.**

27 Plaintiff contends IA File Nos. 113 and 129 are responsive to its Requests for Production
28 9 through 13 without attempting to pinpoint *which specific Request* out of this group of five

requests, truly speaks to IA File Nos 113 and 129.  *See* Fed. R. Civ. P. 7(b)(1) (requiring motions requesting a court order to "state with particularity the grounds for seeking the order.")  In addition to conducting an *in camera* review of these documents, the Court should not have to also undertake Plaintiff counsel's work to determine which particular RFP (drafted and propounded by Plaintiff) seeks the internal affairs documents in dispute.  Nevertheless, the Court has reviewed the five RFPS identified and finds Plaintiff's Request No. 9 (for any informal or formal complaint concerning Officer McLaughlin without limitation), Request No. 12 (for inmate complaints) and Request No. 13 (for all documents relating to any internal investigations of Officer McLaughlin from 2005 to the present) are unnecessarily overbroad and are not tailored to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1).  In these RFPs, Plaintiff impermissibly requests reports or complaints made against Officer McLaughlin with respect to any subject matter, or in the case of Request No. 12, requests obviously irrelevant subject matter.

The Court finds Requests No. 10 and 11, which respectively seek civilian and internal complaints against Officer McLaughlin from 2005 to the present as to "battery, abuse, assault, false arrest, unlawful detention, unlawful search or seizures, excessive force, false reports, false statements or other improper procedures" are relevant only to the extent they seek records of complaints or investigations against Officer McLaughlin that allege Plaintiff's claims of excessive force, battery, negligence, false arrest or intentional infliction of emotional distress. Such documents may lead to the discovery of admissible evidence because the information sought could arguably be used pursuant to Fed. R. Evid. 404(b)[4] and may be relevant on the issue of punitive damages.  *See Hampton v. City of San Diego*, 147 F.R.D. 227, 229 (S.D. Cal. 1993) (finding information concerning other instances of conduct relevant to punitive damages as it "may lead to evidence of a continuing course of conduct reflecting malicious intent).  After reviewing the documents *in camera*, the Court finds **IA File No. 113** is relevant and responsive to Plaintiff's requests Nos. 10 and 11.  IA File No. 129 is not relevant to this case because it does

---

[4]Rule 404 of the Federal Rules of Evidence concerns permitted and prohibited uses of "Character Evidence; Crimes or Other Acts."  Fed. R. Evid. 404.

1  not involve a complaint against, or an investigation of, Officer McLaughlin.

2  As to IA File No. 113, the Court finds Plaintiff's need for documents related to other complaints and investigations against Officer McLaughlin with respect to excessive force, battery, negligence, false arrest or intentional infliction of emotional distress outweighs Defendants' confidentiality interest.  This information may lead to valuable motive, intent, and pattern evidence as well as credibility and impeachment evidence.  Plaintiff cannot obtain this information through alternative means.  Defendants' assertion that producing this information would (1) discourage persons who may provide information or (2) diminish the confidentiality of others who have provided information to the San Diego Police Department is not sufficient to override Plaintiff's need, especially if the production is subject to a protective order.  (Doc. No. 18-4 ¶¶6-9); *see Kelly*, 114 F.R.D. at 664 (stating that "no empirical study supports the contention that the possibility of disclosure would make officers who participate (as respondents or as investigators) in internal affairs investigations less honest," and "in the absence of special circumstances proved by law enforcement defendants, courts should ascribe little weight to a police department's purported interest in preserving the anonymity of citizen complainants"). Providing the relevant citizen complaint / internal affairs information subject to a protective order will not significantly harm the government interest in keeping disciplinary records confidential and will not undermine the objectives of improving law enforcement through discipline.  **Accordingly, Defendants are ORDERED to produce IA File No. 113 with sensitive personal information redacted and subject to protective order.**  Courts have fulfilled a plaintiff's need for discovery while protecting a defendant's privacy by ordering the production of documents subject to a protective order limiting the access to the material at issue to plaintiff, his counsel and those experts who require such information to formulate an opinion. *Soto v. City of Concord*, 162 F.R.D. 603, 617 (N.D. Cal. 1995.)  The Court finds a protective order will serve the interests of both parties in facilitating discovery and yet protecting the privacy of the parties involved.  Therefore, the Court orders the parties to enter into a protective order governing the documents the Court has ordered to be disclosed.

///

1    Plaintiff also claims there are several complaints and investigations against Officer
2 McLaughlin which do not appear on Defendants' privilege log, but are relevant to this case.
3 Plaintiff contends one case in particular, entitled *Britton/Ross v. McLaughlin,* concerned a fatal
4 officer-involved shooting and use of excessive force in 2009.  (ECF No. 17 at 7.)  Defendant
5 responds that the *Britton/Ross* file, which Plaintiff seeks, was not listed on Defendants' privilege
6 log because it was purged under the San Diego Police Department's expungement policy which
7 eliminates records that are five-years-of-age or older. (ECF No. 18-3 at 3.)  Plaintiff is advised
8 that this court cannot compel Defendants to produce documents that no longer exist or are not in
9 Defendants' possession or control.  *Manning v. General Motors*, 247 F.R.D. 646, 652 (D. Kan.
10 2007).

11    **B.  Performance Report Nos. 4, 78, 84, 88, 97, 99, 101, 104, 107-109, 112, 115, 123,**
12 **and 128 in response to Plaintiff's RFP Nos. 3-8.**

13    Plaintiff contends Performance Report Nos. 4, 78, 84, 88, 97, 99, 101, 104, 107-109,
14 112, 115, 123, and 128 are responsive to its Requests for Production 3 through 8 without
15 attempting to pinpoint *which specific Request* out of this group of six requests implicates the
16 various performance reports sought.  After careful review of the six requests identified, the Court
17 concludes RFP No. 6, which requests "all performance evaluations of Officer Daniel
18 McLaughlin from 2005 to the present," best targets the performance reports Plaintiff seeks.
19 However, the Court finds Plaintiff's request for *all* performance evaluations of Officer
20 McLaughlin for a span of 9 years is overbroad.  The performance evaluation forms indicate the
21 officers are largely evaluated in areas which bear no relationship to the claims of excessive
22 force, battery, negligence, false arrest or intentional infliction of emotional distress presented in
23 this case.  Therefore, the Court finds only those portions of performance evaluations that relate
24 to judgment, law enforcement and corrections procedures, enforcement tactics, and knowledge
25 of policies and procedures are relevant to Plaintiff's claims.  *See Soto v. City of Concord*, 162
26 F.R.D. 603, 615 (N.D. Cal. 1995) (finding that performance evaluations "may be quite relevant
27 to issues involved in Plaintiff's excessive force claim, because such documents may reveal the
28 defendant officers' patterns of behavior").  The Court will also limit the relevant portions of the

performance evaluations of Defendant to five years prior to the incident at issue in this case, which occurred on October 19, 2012. Evaluations more than seven-years-old would be of little probative value and unlikely to lead to the discovery of admissible evidence. Additionally, the burden on Defendants to produce evaluations more than seven-years-old outweighs any relevancy they may have. The relevant portions of personnel information and performance evaluations identified above are found in Performance Report Nos. 107, 109, 112, 115, 123, and 128. **Accordingly, Defendants are ORDERED to produce Performance Report Nos. 107, 109, 112, 115, 123, and 128 subject to protective order.**

### C.  Transfer/Promotion Nos. 95, 106, 111, 116, 118, 121, and 122 in response to Plaintiff's RFP Nos. 3-8.

Plaintiff contends Transfer and Promotion documentation Nos. 95, 106, 111, 116, 118, 121, and 122 are also responsive to its Requests for Production 3 through 8 without attempting to pinpoint *which specific Request* out of this group of six requests implicates the various promotion records sought. Of the six requests identified, the Court concludes RFP No. 7, which requests all "transfers, promotions, demotions, and honors" of Officer McLaughlin from 2005 to the present, aptly identifies the promotion materials Plaintiff seeks.

The Court finds Defendant's Transfer and Promotion records are relevant to Plaintiff's *Monell* claim against the County for its policies of hiring, retention and promotion and relevant to Plaintiff's excessive force claim. *See Soto*, 162 F.R.D. at 615 (explaining "information on promotions, training records, letters of recommendation, interviews, employee orientation and employment applications ... may be quite relevant to issues involved in Plaintiff's excessive force claim, because such documents may reveal the defendant officers' patterns of behavior, as well as the City's response to such behavior.")

Defendants object to the production of Officer McLaughlin's early promotion records from 2001. They argue the older records have little probative value to an alleged excessive force incident which occurred in 2012. The Court agrees; therefore, the Court will limit the relevant portions of the transfer and promotion records to five years prior to the incident at issue in this case, which occurred on October 19, 2012. Promotion records from early on in Officer

McLaughlin's career would be of little probative value and unlikely to lead to the discovery of admissible evidence. Additionally, the burden on Defendants to produce early promotion records outweighs any relevancy they may have. **Accordingly, Defendants are ORDERED to produce Transfer / Promotion records Nos. 106, 111, 116, 118, 121, and 122 subject to protective order.**

## V. CONCLUSION

Following its *in camera review* and in accordance with the Court's analysis as explained above, Defendants shall produce the following documents **no later than April 4, 2014**:

    1.) IA File No. 113 with sensitive personal information redacted and subject to protective order;

    2.) Performance Report Nos. 107, 109, 112, 115, 123, and 128; and

    3.) Transfer / Promotion records Nos. 106, 111, 116, 118, 121, and 122

Defendants are to redact sensitive personal information that has no bearing on this case. The production of these documents shall be subject to a protective order.

**IT IS SO ORDERED.**

DATED: March 21, 2014

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court